USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/2021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

   Plaintiff,

      v.

WELLCO, INC., a corporation, and

GEORGE M. MOSCONE, individually and as an officer of WELLCO, INC.,

   Defendants.

Case No. 1:21-cv-02081-MKV

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT**

     Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint For Permanent Injunction And Other Equitable Relief ("Complaint"), for a permanent injunction, and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

     THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The Complaint alleges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in connection with the advertising, marketing, distribution, and sale of television antennas and related amplifiers.

3.    Defendants neither admit nor deny any of the allegations in the Complaint, except as

specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.  Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.  Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  "**Competent and Reliable Evidence**" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that (1) have been conducted and evaluated in an objective manner by qualified persons and (2) are generally accepted in the profession to yield accurate and reliable results.

B.  "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

   1.  "**Corporate Defendant**" means Wellco, Inc. and its successors and assigns.

   2.  "**Individual Defendant**" means George M. Moscone.

## ORDER

### I. PROHIBITION AGAINST MISLEADING CLAIMS

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the labeling, advertising,

promotion, offering for sale, sale, or distribution of any product, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation, about:

A.   the product's absolute or relative ratings or ranking, or the product's superiority to other products;

B.   the channels, cable channels, subscription channels, favorite channels, premium channels, or clear channels users of the product can or will likely receive, including the number of such channels users can or will likely receive; or

C.   any material aspect of the product's performance, efficacy, nature, or central characteristics,

unless the representation is non-misleading, including that, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## II.   PROHIBITION AGAINST FALSE CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the labeling, advertising, promotion, offering for sale, sale, or distribution of any product, are permanently restrained and enjoined from making, or assisting others in making, any

misrepresentation, expressly or by implication:

A.that any endorsement is a truthful endorsement or by an actual user of such product;

B.through the use of any endorsement of such product;

C.that any website or other publication is an objective news report;

D.that objective news reporters have performed independent tests of any product; or

E.that independent tests demonstrate the effectiveness of any product.

### III.MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.Judgment in the amount of 31.82 Million Dollars ($31,820,000) is entered in favor of the Commission against Individual Defendant and Corporate Defendant, jointly and severally, as equitable monetary relief.

B.Defendants are ordered to pay to the Commission Six Hundred Fifty Thousand Dollars ($650,000), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

       1.       the Financial Statement of Individual Defendant, George M. Moscone, signed on July 27, 2020, including the attachments;

       2.       the Financial Statement of Corporate Defendant, Wellco, Inc., signed by George M. Moscone, President, CEO, and owner on July 27, 2020, including the attachments;

       3.       the following additional documentation submitted by Defendants' counsel to Commission counsel, Michael Ostheimer and Carl Settlemyer:

              a.       Letter attachment to email dated August 21, 2020 from Ari Rothman and the documents referenced therein, including the loan agreement and those in the "Docs for Closing" ZIP file;

              b.       Letter attachment to email dated September 2, 2020, from Shahin Rothermel and accompanying document titled "2019 Estimated Tax (Moscone)";

              c.       Email from Ari Rothman dated October 27, 2020 (5:12pm), and the attachment thereto;

              d.       Email from Ari Rothman dated November 9, 2020; and

              e.       Email from Ari Rothman dated December 10, 2020 (5:26pm).

D.       The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.       If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any

payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## IV.     ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any

remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V.    CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A.    failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.    disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with labeling, advertising, marketing, distribution, or sale of television antennas or amplifiers; and

C.    failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the

Commission:

A.  One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.  Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.  Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For 10 years after entry of this Order, each Defendant must submit a compliance

notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1.    Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2.    Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to

the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Wellco, Inc.

## VIII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant in connection with any activity subject to this Order and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests concerning the subject matter of this Order, whether received directly or indirectly, such as through a third party, and any response;

D.  all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  a copy of each unique advertisement or other marketing material.

## IX.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance

with this Order, including any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 7th day of April, 2020**

MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

Michael Ostheimer, Attorney
Federal Trade Commission
Washington, DC 20580
202-326-2699 (telephone)
202-326-3259 (fax)
mostheimer@ftc.gov

Carl Settlemyer, Attorney
Federal Trade Commission
Washington, DC 20580
202-326-2019 (telephone)
202-326-3259 (fax)
csettlemyer@ftc.gov

**FOR DEFENDANTS:**

Date: 1/22/2021

Ari N. Rothman, Esq.

Venable LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4220 (telephone)
(646) 927-5599 (fax)
ANRothman@Venable.com
Counsel for Wellco, Inc., and George M. Moscone

**DEFENDANTS: Wellco, Inc., and George M. Moscone**

_____*George Moscone*_____   Date: 01/22/21
George M. Moscone, Individually
and as an Officer of Wellco, Inc.